UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JARED WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-01570-ACL |
| CO1 SARA BREWER et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Jared Williams, a self-represented inmate at the Potosi Correctional Center in Mineral Point, Missouri, brings this civil rights action under 42 U.S.C. § 1983. (ECF No. 1). He moves for leave to proceed *in forma pauperis* (ECF No. 2) and for appointment of counsel (ECF No. 4). For the reasons set forth below, the Court grants Williams's motion to proceed *in forma pauperis*, assesses an initial partial filing fee of $31.53, dismisses the case under 28 U.S.C. § 1915(e)(2)(B), and denies the motion for appointment of counsel as moot.

**I.      Initial Partial Filing Fee**

Generally, a party must pay a filing fee when initiating any civil action, suit, or proceeding in this Court. 28 U.S.C. § 1914. However, courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis* or "IFP." To obtain IFP status, a non-prisoner litigant must submit an affidavit demonstrating their inability to pay the filing fee. *Id*. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different requirements apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their

inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of the preceding month's income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

In support of his motion to proceed IFP, Williams submitted an inmate account statement that reflects an average monthly deposit of $157.67 and an average monthly balance of $131.11 for the six-month period preceding his complaint. Therefore, the Court assesses an initial partial filing fee of $31.53, representing 20% of Williams's average monthly deposit over that time. *See* 28 U.S.C. § 1915(b)(1).

**II.    Background**

Williams brings this action under 42 U.S.C. § 1983 against Correctional Officers Sara Brewer, Ryan Hagermann, and Unknown Sorreal, as well as Sergeant Madison Briley, in their individual and official capacities. (ECF No. 1 at 2–4). He alleges that on February 10, 2024, Hagermann and Sorreal were escorting him back to his cell after a shower when Brewer, operating the control panel, opened his cell door and "allowed" it to close on him. *Id*. at 5. According to Williams, he "felt like [he] was stuck in the door for 5 minutes" while Hagermann tried to pry it

open and get Brewer's attention. *Id*. He further alleges that Sorreal "just stood there in shock" rather than alerting Briley. *Id*.

Williams attributes the incident to Briley's failure to adequately train Brewer and to assign a more experienced officer to the control panel. *Id*. He claims the impact from the door caused pain to his left arm and ribcage, and shifted a bullet lodged in his thigh, resulting in back pain and a permanent limp. *Id*. He seeks $5 million in compensatory damages and $500,000 in punitive damages. *Id*. at 7.

### III.     Legal Standard

Because Williams is proceeding IFP in this matter, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## IV.  Discussion

Williams does not explicitly identify a legal basis for relief. Liberally construed, his allegations raise three claims: (1) an excessive force claim against Brewer, (2) a failure-to-protect claim against Hagermann and Sorreal, and (3) a supervisory liability claim against Briley. Before turning to Williams's individual-capacity claims, the Court first considers whether he can bring official-capacity claims under § 1983.

### A.  Official-Capacity Claims

An official-capacity claim against a state employee is treated as a claim against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Neither the State of Missouri nor its agencies are "persons" for purposes of § 1983. *Id*. Therefore, the Court must dismiss Williams's official-capacity claims for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, absent a waiver, the Eleventh Amendment bars suits for damages against a state or its officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147

4

F.3d 741, 743 (8th Cir. 1998). Williams does not allege that Missouri has waived its sovereign immunity in this context. Because sovereign immunity is jurisdictional in nature, the Court must also dismiss Williams's official-capacity claims for lack of subject-matter jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

### B. Excessive Force – Defendant Brewer

To state a plausible excessive force claim, a prisoner must allege that the defendant acted "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Negligence, or even gross negligence, is insufficient. *See Wilson v. Seiter*, 501 U.S. 294, 305–06 (1991) (clarifying that an Eighth Amendment violation requires more than negligence).

Williams alleges that Brewer, while operating the control panel, opened his cell door and "allowed" it to close on him. (ECF No. 1 at 5). He does not allege that Brewer intentionally closed the door, or that she refused to release it once she realized he was stuck. At most, Williams's allegations describe a mistake or negligent operation of the control panel. Because negligence is not actionable under § 1983, Williams fails to state a plausible excessive force claim against Brewer.

### C. Failure to Protect – Defendants Hagermann and Sorreal

Prison officials may violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference requires that the official actually knew of and disregarded the risk. *Id*. at 837.

5

Williams concedes that Hagermann tried to open the door himself and attempted to get Brewer's attention. (ECF No. 1 at 5). In other words, Williams's own allegations show that Hagermann recognized the risk and took steps to help.

As for Sorreal, Williams alleges only that he "stood there in shock" and did not run to alert a supervisor. (ECF No. 1 at 5). While this may reflect poor judgment, it does not plausibly demonstrate the conscious disregard required for a failure-to-protect claim. Therefore, these allegations fail to state a claim under the Eighth Amendment against either Hagermann or Sorreal.

### D. Failure to Train or Supervise – Defendant Briley

Respondeat superior is not a basis for liability under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Instead, a plaintiff must show either: (1) that the supervisor personally participated in the alleged constitutional violation, or (2) that the supervisor had notice of a pattern of unconstitutional acts, was deliberately indifferent to or tacitly authorized those acts, failed to take sufficient remedial action, and that failure proximately caused the injury. *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).

Williams alleges only that Briley failed to adequately train Brewer and should have assigned a more experienced officer to the control panel. (ECF No. 1 at 5). He does not allege that Briley knew of prior similar incidents or that she authorized Brewer's conduct. In short, Williams does not allege that Briley personally participated in the incident or otherwise proximately caused his injury through supervisory action or inaction. Accordingly, Williams fails to state a plausible claim for relief against Briley.

### V. Conclusion

For the foregoing reasons, the Court grants Williams's motion to proceed *in forma pauperis*, dismisses this action under 28 U.S.C. § 1915(e)(2)(B), and denies as moot his motion

6

for appointment of counsel. To the extent Williams can be understood to assert claims under Missouri law, the Court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Williams's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Williams shall, **within thirty (30) days** of the date of this order, pay an initial partial filing fee of $31.53. Williams shall make the remittance payable to "Clerk, United States District Court," and include: (1) his name, (2) his prison registration number, (3) the case number, and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Williams's motion for appointment of counsel (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal accompanies this Memorandum and Order.

Dated this 16th day of September 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE